UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SELECTICA, INC.,

      Plaintiff,

v.                                  Case No:   6:13-cv-1708-Orl-36TBS

NOVATUS, INC.,

      Defendant.

_____

## ORDER

      Pending before the Court is Defendant's Motion for Leave to File Supplemental Counterclaim.   (Doc. 18).   Defendant alleges that "[i]n February, 2014, several months after Novatus filed its Answer and Affirmative Defenses, one of Selectia's representatives made false and derogatory statements to one of Novatus's prospective customers. These statements defamed Novatus and implied that this lawsuit may render Novatus unable to service the prospective customer." (Doc. 18 ¶ 4).   Plaintiff argues, *inter alia*, that Defendant's request is "procedurally deficient" because it "does not identify the proposed causes of action" and "does not contain sufficient additional information about the proposed counterclaim to determine the basis of the claim."   (Doc. 19 at 1-2).

      Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading with the opposing party's written consent or leave of court, if such a request is made more than 21 days after service.   Subsection (d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading . . ."   FED. R. CIV. P. 15(d). The Eleventh Circuit has held that a motion for leave to amend filed

pursuant to Rule 15 "should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment."   Rance v. Winn, 287 F. App'x 840, 841 (11th Cir. 2008) (citing Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999)); see Farrell v. G.M.A.C., No. 2:07-cv-817-FtM-34DNF, 2008 WL 1766909, at *1 (M.D. Fla. 2008).

The Court is unable to "assess the viability of the proposed amendment" in this case because Defendant has failed to attach a copy of the proposed amendment or establish – with some degree of specificity – the substance of the proposed amendment. See Sure Fill & Seal, Inc. v. GFF, Inc., No. 8:08-cv-00882-T-17-TGW, 2009 WL 1751726, at *2 (M.D. Fla. June 17, 2009).   Upon due consideration, Defendant's motion (Doc. 18) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on April 8, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record