UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SELECTICA, INC.,

    Plaintiff,

v.                                                     Case No:  6:13-cv-1708-Orl-36TBS

NOVATUS, INC.,

    Defendant.
_____

## REPORT AND RECOMMENDATION[1]

Pending before this Court is Defendant's Renewed Motion for Leave to File Supplemental Counterclaim. (Doc. 28). For the reasons that follow, I respectfully recommend that the motion be **denied**.

Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." FED. R. CIV. P. 15(d). A supplemental claim filed pursuant to Rule 15(d) is subject to the Rule 8 standard of sufficiency, which provides that: "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The supplemental counterclaim must "set forth sufficient information to outline the elements of the [counterclaim] or permit inferences to be drawn that these elements

---

[1] Specific written objections to this report and recommendation may be filed in accordance with 28 U.S.C. § 636, and M.D. Fla. R. 6.02, within fourteen (14) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a de novo determination by a district judge and from attacking factual findings on appeal.

exist." Canales v. ALM Media Props, LLC, A-12-CV-1036-LY, 2013 U.S. Dist. LEXIS 150544, at *27-28 (W.D. Tex. Oct.18, 2013).

Defendant argues that after it filed its Answer and Affirmative Defenses "one of [Plaintiff's] representatives made false and derogatory statements to one of [its] prospective customers." (Id. at 2). According to Defendant, the "statements defamed [it] and implied that this lawsuit may render [it] unable to service the prospective customer." (Id.). Defendant argues that the proposed counterclaim specifically relates to its Eighth Affirmative Defense, which alleges that Plaintiff acted with unclean hands, and is therefore compulsory since it arises out of the same transaction or occurrence as Plaintiff's initial action. (Id. at 3); see FED. R. CIV. P. 13.

In response, Plaintiff maintains that Defendant failed to plead the essential elements of the causes of actions or allege sufficient facts to support the allegations that underlie its supplemental counterclaims. (Doc. 30 at 1). I agree.

A. Tortious Interference with a Business Relationship  (Count II)

To maintain a cause of action for tortious interference with a business relationship in Florida, the complainant must allege the following elements: "(1) the existence of a business relationship; (2) knowledge of the relationship on the part of the defendant; (3) an intentional and unjustified interference with the relationship by the defendant; and (4) damage to the plaintiff as a result of the breach of the relationship." Anthony Distrib., Inc. v. Miller Brewing Co., 941 F. Supp. 1567, 1572 (M.D. Fla 1996) (citing Ethan Allen, Inc. v. Georgetown Manor, Inc., 647 So. 2d 812, 814 (Fla. 1994)). Defendant only alleges that Plaintiff urged a prospective client, O'Reilly Auto Parts, not to commence a business relationship with it. (Doc. 28-1 ¶¶ 22-28). Because Defendant fails to allege the existence and subsequent termination of an existing business

relationship, Defendant fails to satisfy at least two of the elements required to state a cause of action. The case law relating to tortious interference does not contemplate prospective business relationships. Rather, "[t]he tort of unjustified interference with a business relationship requires the existence of a present relationship, not prospective relationships that one hopes to have in the future." In re AS Management Services, Inc., No. 05-13025-AJC, 2007 WL 2377082, at *8 (Bankr. S.D. Fla. Aug. 16, 2007); see also St. John's River Water Mgmt. Dist. v. Fernberg Geological Servs., Inc., 784 So. 2d 500, 505 (Fla. 5th DCA 2001) ("The speculative hope of future business is not sufficient to sustain the tort of interference with a business relationship."). "[A]n action for tortious interference with a business relationship requires a business relationship evidenced by an actual and identifiable understanding or agreement which in all probability would have been completed if the defendant had not interfered." Ethan Allen, 647 So. 2d at 815. Defendant has failed to allege the existence of an existing business relationship or the termination of said existing business relationship with O'Reilly or any other customer, and therefore, its counterclaim for tortious interference fails to satisfy the threshold pleading standard articulated in Federal Rule of Civil Procedure 8.[2]

    B.  Slander Per Se (Count III)

"Under Florida law, a claim of slander involves injury to one's personal reputation." Leavitt v. Cole, 291 F. Supp. 2d 1338, 1345 (M.D. Fla. 2003). The elements of a defamation claim under Florida law are: "(1) a false and (2) defamatory (3) statement of fact (4) concerning another, (5) published to a third party (6) negligently."

---

[2] Because I have determined that Defendant has failed to state a cause of action for tortious interference with a business relationship, I will decline to offer a recommendation regarding whether Plaintiff's alleged misconduct is protected by the so-called competition privilege.

Anthony Distrib., 941 F. Supp. at 1577 (internal citations omitted).  "The plaintiff must also prove damages, unless the defendant is liable for slander per se, in which case 'at least nominal damages' are presumed."  Id.  The complaint must contain a statement of the actual words allegedly used so the Court can determine whether or not the statement is per se slanderous.  Grigsby v. Rest. Mgmt Serv., Inc., No. 1115-civ-T-17E, 1994 WL 855090, at *1 (M.D. Fla. Nov. 21, 1994); Perez v. City of Key West, Fla., 823 F. Supp. 934, 938 (M.D. Fla. 1993).

     Defendant alleges that the unspecified statements to O'Reilly were "false, misleading, and designed to deter O'Reilly from doing business with [Defendant] by impugning [Defendant's] ability to conduct its business and service its customers." (Doc. 28-1 ¶ 31).  This counterclaim is insufficient because it fails to recite the specific statement made to O'Reilly.  The Court is unable to determine whether the statement is a statement of fact and therefore potentially slanderous or whether it is a statement of opinion, which would not be.  See Morse v. Ripken, 707 So. 2d 921, 922 (Fla. 4th DCA 1998).  Regardless, Defendant's counterclaim for slander per se fails to satisfy the threshold pleading standard articulated in Federal Rule of Civil Procedure 8 and I respectfully recommend that the motion be denied on this ground.

     C.  Florida Common Law Unfair Competition (Count I)

     Under Florida law, unfair competition is an "umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." Ameritox, Ltd. V. Millennium Labs, Inc., No. 8:11-cv-775-T-24-TBM, 2012 WL 33155, at *4 (M.D. Fla. Jan. 6, 2012).  "[T]here is no single set of elements that apply uniformly to all claims of unfair competition . . . [and] courts have applied elements from other established claims to

unfair competition claims, where appropriate, on a case-by-case basis." Id.; see also Mfg. Research Corp., 693 F.2d at 1037, 1040 (11th Cir. 1982) (applied the elements of plaintiff's tortious interference claim to its unfair competition claim).  Because Defendant has failed to state claims for tortious interference with business relationships (Count II) and slander per se (Count III), its unfair competition claim necessarily fails.

Upon consideration of the foregoing, I respectfully recommend that the district court **deny** Defendant's motion for leave to file a supplemental counterclaim.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on June 17, 2014.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Presiding United States District Judge
    Counsel of Record