# Composite Exhibit A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:13-cv-1708-ORL-40TBS

SELECTICA INC.,
a California corporation,

      Plaintiff,

vs.

NOVATUS, INC.,
a Florida corporation,

      Defendant.

_____/

### DEFENDANT'S SECOND SET OF INTERROGATORIES TO PLAINTIFF

      Defendant, NOVATUS, INC., a Florida corporation ("Novatus"), by and through its undersigned counsel, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propounds the following Second Set of Interrogatories to Plaintiff, SELECTICA INC., a California corporation ("Selectica"), to be answered fully, in writing and under oath, within thirty (30) days from service as provided under the Federal Rules of Civil Procedure and in accordance with the definitions and instructions below.

### INSTRUCTIONS

      1.    These Interrogatories are to be answered fully and completely, under oath, and are to be considered continuing in nature.

      2.    A request to furnish information includes all information and/or documents in your physical possession or available to you and all information and/or documents in the possession of or available to your attorneys, agents and representatives.  If you do not have

{28058992;1}

information and/or documents to answer a question, you are under a duty to make diligent efforts to obtain such information and/or documents.

3.     If you claim any privilege as grounds for not fully answering an Interrogatory, or any part thereof, set forth the facts upon which the privilege is based in a manner sufficient to permit the Court to make a determination on that record concerning whether the claim of privilege is valid.

4.     To the extent required by Fed. R. Civ. P. 26(e), supplemental responses to these Interrogatories are required if you obtain further documents and/or information respecting a matter inquired of in these Interrogatories between the time your initial responses to these Interrogatories are served and trial.

5.     No part of any Interrogatory shall be left unanswered merely because an objection is interposed to another part of the Interrogatory.

6.     Where an objection is made to any Interrogatory or sub-part thereof under Rule 33 of the Federal Rules of Civil Procedure, the objection shall state with specificity all grounds for objection.  Any ground not stated in an objection within the time provided by the Federal Rules of Civil Procedure, or any extensions thereof, shall be deemed waived.

7.     If any Interrogatory is objected to as unduly burdensome, the objecting party shall:

(a)     indicate the nature of the burden involved in providing the response being requested (e.g., the identity and number of files or documents that are responsive to the document or other discovery request); and

(b)     indicate the manner in which the objecting Plaintiff's files are maintained (e.g., the subject matters of the objecting Plaintiff's files), or set forth a

proposal as to a less burden-incurring response that would provide responsive information and/or documents.

## DEFINITIONS

8.     All terms herein, whether specifically defined or not, shall be construed in their broadest possible sense. For example, the terms "relating to," "related to," and "relate to" shall be construed in their broadest sense and shall mean directly or indirectly evidencing, constituting, containing, embodying, reflecting, identifying, stating, referring to, concerning, dealing with, describing, setting forth, associated with, regarding, discussing, mentioning, commenting upon, supporting, contradicting, or in any way pertaining to or referring to the subject or topic in question, either in whole or in part.

9.     The singular shall include the plural, and vice versa.

10.     "Person" includes natural persons, corporations, partnerships, companies, governmental bodies, or other entities.

11.     The term "Selectica" shall refer to Plaintiff, Selectica, and any person at any time acting or purporting to act on its behalf, including its present or former attorneys, accountants, agents, officers, or employees.

12.     The term "Novatus" shall mean Defendant, Novatus, and any person at any time acting or purporting to act on its behalf, including its present or former attorneys, accountants, agents, officers, or employees.

13.     The terms "you," "your," and "yours" shall refer to Selectica as defined herein.

14.     The term "Complaint" shall refer to the Complaint filed by Selectica against Novatus in this case.

15.     The term "litigation" shall refer to the above captioned civil action.

16.     The term "Affirmative Defenses" shall refer to the Affirmative Defenses raised by Novatus in this case.

17.     The term "former employees" shall refer to Marilyn Salyer, Graham Holt, Vicki Sorensen, and Ian Connerty.

18.     The term "Selectica computer" or "Selectica computers" shall mean any and all Selectica-owned laptop computers, hard drives, desktop computers, thumb drives or any other portable media storage device used by, or for which access was given to, Selectica's former employees at any time during their term of employment with Selectica.

19.     The term "all" shall include the collective as well as the singular and shall mean "each," any," and "every," and these terms shall be interchangeable.

20.     The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make your response inclusive rather than exclusive.

21.     The terms "include(s)" and "including" shall be construed to mean "without limitation."

22.     The term "ESI" refers to Electronically Stored Information, which includes, but is not limited to, the following: word-processing documents, spreadsheets, presentation documents, graphics, animations, images, tweets, e-mail (including attachments which shall be kept with the e-mail), instant messages, text messages, voice mail, social media profiles, social media posts, social media inquiries, social media user and login information, audio, video, and audiovisual recordings, databases and database subsets, and other user or machine created digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, USB drives, the Internet, an Intranet, archives, discs, CD's, diskettes, drives, tapes, cartridges, flash drives, and other external storage media, personal digital

assistants, handheld wireless devices, cellular telephones, blackberries, pagers, and voicemail systems.

23.     The term "RFA" shall mean the Defendant's First Set of Requests for Admission to Plaintiff, served contemporaneously herewith on October 8, 2014.

24.     The term "Trade Secret" or "Trade Secrets" shall have the same meaning as that contained in Section 688.002(4), Florida Statutes (2013).

## INTERROGATORIES

1.     If your response to paragraph 8 of the RFA is anything other an unqualified "Admit" or "Admitted", please list by specific Bates Label all of the documents and/or ESI that reflect, define, evidence, or describe Selectica's Trade Secrets.[1]

**ANSWER:**



2.     If your response to paragraph 10 of the RFA is anything other an unqualified "Admit" or "Admitted", please list by specific Bates Label all of the documents and/or ESI that reflect, define, evidence, or describe Novatus's use of Selectica's Trade Secrets.

**ANSWER:**

---

[1] Inasmuch as Selectica has exclusive custody, possession and control of the Selectica computers that the former employees allegedly accessed to copy Selectica's Trade Secrets, as detailed by Selectica in paragraphs 26, 27, and 28 of the Complaint, and inasmuch as Novatus cannot have on its computers or systems that which was not allegedly taken by the former employees, Selectica should have had possession of all evidence of the former employees' alleged copying prior to filing the Complaint.  As such, this interrogatory seeks a listing by Bates Label of the evidence that Selectica collected from the Selectica computers and not a listing of the documents that Selectica has requested from Novatus in discovery and/or what Novatus has produced.

3.     Please list by specific Bates Label all of the documents and/or ESI that reflect, define, evidence, or describe the source code or other unique characteristics of Selectica's confidential and proprietary software that you contend the former employees stole, as described in paragraph 41 of the Complaint. [2]

**ANSWER:**

4.     Please identify Selectica's top three customers by gross revenue for Fiscal Year 2013.

**ANSWER:**

5.     Please identify Selectica's top three customers by gross revenue for Fiscal Year 2014.

**ANSWER:**

---

[2] Inasmuch as Selectica has exclusive custody, possession and control of the Selectica computers that the former employees allegedly accessed to copy Selectica's Trade Secrets, as detailed by Selectica in paragraphs 26, 27, and 28 of the Complaint, and inasmuch as Novatus cannot have on its computers or systems that which was not allegedly taken by the former employees, Selectica should have had possession of all evidence of the former employees' alleged copying prior to filing the Complaint.  As such, this interrogatory seeks a listing by Bates Label of the evidence that Selectica collected from the Selectica computers and not a listing of the documents that Selectica has requested from Novatus in discovery and/or what Novatus has produced.

6.      Please identify by name and title any and all employees that left Selectica during calendar year 2013 and commenced employment with Zycus, Apttus, Oracle, IBM, SciQuest or any other company you classify as a competitor.

**ANSWER**:

7.      Please identify by name and title all of the "other Selectica employees" that Novatus contacted, as alleged in Paragraph 20 of the Complaint.

**ANSWER:**

8.      With respect to all of the people identified in your response to interrogatory 7, above, please list where all of those people are currently employed.

**ANSWER**:

9.      Please list each and every customer Selectica contends it has lost and/or no longer does business with Selectica as a result of Novatus's alleged conduct at issue in this litigation,

and attribute to each customer the gross revenue and net profit that Selectica derived therefrom for the fiscal year immediately preceding the loss of the customer.

ANSWER:

10.    Please list each and every prospective customer Selectica contends it has lost and/or has refused to do business with Selectica as a result of Novatus's alleged conduct at issue in this litigation, and attribute to each customer the projected yearly gross revenue and projected yearly net profit that Selectica would have derived therefrom.

**ANSWER**:

SELECTICA INC.

By:      _____

Title:   _____

Print Name: _____

## VERIFICATION OF ANSWERS TO INTERROGATORIES

STATE OF _____ )
                         ) ss.
COUNTY OF_____ )

         Sworn to and subscribed before me this _____ day of _____, 2014, by

_____ , _____ of Selectica Inc., a California corporation.  She/he is personally

known to me or has produced _____ (type of identification) as identification.


                                        _____
                                        NOTARY SIGNATURE
                                        Print Name: _____
                                        Notary Public, State of _____
                                        Notary Comm. No.: _____
                                        My Commission Expires: _____

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

SELECTICA INC.,
a California corporation,

        Plaintiff,                        Case No. 6:13-cv-1708-CEH-GJK

vs.

NOVATUS, INC.,
a Florida corporation,

        Defendant.

_____/

## PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S SECOND SET OF INTERROGATORIES

Plaintiff, Selectica Inc., ("Selectica" or "Plaintiff") by and through its undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby files its Responses and Objections to Defendant's, Novatus, Inc. ("Novatus" or "Defendant"), Second Set of Interrogatories ("Request"), and states:

### GENERAL OBJECTIONS

A.      Selectica objects to the Request to the extent that they seek the disclosure of (i) information relating to communications between Selectica and legal counsel; (ii) information to which the attorney-client privilege otherwise protects; (iii) information which was prepared for and in anticipation of litigation or otherwise contains or relates to work product; (iv) information that is highly sensitive, confidential and/or proprietary in nature; (v) information that was previously produced to the Defendant; (vi) information which is in Selectica's possession because it was produced by Defendant; (vii) information whose disclosure is prohibited by any federal, state, or local law; (viii) information and/or communication protected by the trade secret privilege; and (ix) information that is not reasonably calculated to lead to admissible evidence.

{10467/00377791.1}

B.      Selectica objects to the Request to the extent that they are vague, ambiguous, and not limited in time or scope.

C.      Selectica objects to the Request to the extent the information is not in Selectica's possession, custody, or control.

D.      Selectica objects to the Request to the extent the requested information seeks an attorney's mental impressions, opinions, or theories.

E.      Selectica objects to the Request to the extent they are overly broad, unduly burdensome, oppressive, and irrelevant to the subject matter of this action.

F.      Selectica objects to the Request to the extent they are not relevant to the claim or defense of any party.

G.      Plaintiff submits these responses without conceding the relevancy or materiality of the subject matter of any request, and without prejudice to the Plaintiff's right to object to further discovery, or to object to the admissibility of any additional proof on the subject matter of any response, at the time of trial.

H.      Plaintiff generally objects to the Requests insofar as they seek confidential, sensitive business, proprietary, and/or trade secret information. Plaintiff will produce certain confidential documents only pursuant to a Stipulated Protective Order. A proposed confidentiality order has previously been submitted to Defendant for its consideration.

I.      Plaintiff objects to the instructions and definitions accompanying the Requests to the extent the instructions and definitions require disclosure of information or documents not within the scope of the Federal Rules of Civil Procedure.

J.      Plaintiff objects to producing metadata that in any way differs from the ESI protocols the parties agreed to during their ESI conference and/or exceeds the metadata fields

agreed upon by the parties.  Plaintiff does, however, agree to continue the ESI discussion to arrive at and refine mutually agreeable search and production parameters.

K.      Plaintiff objects to the use of the phrase "reflecting, regarding, defining, detailing, evidencing or describing" in the Requests as overbroad, unduly burdensome, and incomprehensible.

L.      Discovery is on-going and Plaintiff is responding based on information currently available to Plaintiff that Plaintiff has been able to ascertain through reasonable efforts.  Plaintiff does not waive its right to amend or supplement these responses to the extent additional information is later obtained.

M.      Responsive, non-privileged documents will be produced as they are kept in the ordinary course of Selectica's business on a rolling basis beginning with responsive, non-privileged documents which are not confidential and therefore not subject to the confidentiality agreement being negotiated between the parties.  Selectica will produce a privilege log following the production of all responsive documents.

N.      Selectica's responses to the Request are subject to the General Objections set forth above.

### Second Set of Interrogatories

1.  **If your response to paragraph 8 of the RFA is anything other an unqualified "Admit" or Admitted", please list by specific Bates Label all of the documents and/or ESI that reflect, define, evidence, or describe Selectica's Trade Secrets.**

**Response:**

Objection.  The phrase "reflect, define, evidence or describe" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff cannot reasonably respond to such a request.  Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here.  Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff.  The continued use of this phrase requires

Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Requesting that Plaintiff sift through tens of thousands of documents produced by both parties and third parties and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege. To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

Plaintiff objects on the basis that Defendant's requests for production should be deemed to be interrogatories to the extent they requested that Plaintiff identify bates ranges, and therefore Defendant has exceeded the maximum amount of interrogatories permitted by the federal rules.

2. **If your response to paragraph 10 of the RFA is anything other an unqualified "Admit" or "Admitted", please list by specific Bates Label all of the documents and/or ESI that reflect, define, evidence, or describe Novatus's use of Selectica's Trade Secrets.**

## RESPONSE:

Objection. The phrase "reflect, define, evidence or describe" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here. Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff. The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Requesting that

Plaintiff sift through tens of thousands of documents produced by both parties and third parties and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege. To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

Plaintiff objects on the basis that Defendant's requests for production should be deemed to be interrogatories to the extent they requested that Plaintiff identify bates ranges, and therefore Defendant has exceeded the maximum amount of interrogatories permitted by the federal rules.

3.  **Please list by specific Bates Label all of the documents and/or ESI that reflect, define, evidence, or describe the source code or other unique characteristics of Selectica's confidential and proprietary software that you contend the former employees stole, as described in paragraph 41 of the Complaint.**

**ANSWER:**

Objection. The phrase "reflect, define, evidence or describe" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here. Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff. The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Requesting that Plaintiff sift through tens of thousands of documents produced by both parties and third parties and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege. To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

Plaintiff objects on the basis that Defendant's use of the phrase "or other unique characteristics" is vague, ambiguous, and unclear, and therefore Plaintiff cannot respond.

Plaintiff objects on the basis that Defendant's requests for production should be deemed to be interrogatories to the extent they requested that Plaintiff identify bates ranges, and therefore Defendant has exceeded the maximum amount of interrogatories permitted by the federal rules.

**4. Please identify Selectica's top three customers by gross revenue for Fiscal Year 2013.**

**ANSWER:**

Objection.   Plaintiff is unclear what type of "customers" Defendant's request is referring to.   Notwithstanding this objection, and to the extent Defendant's request is seeking Plaintiff's top three "CPQC customers," Plaintiff states as follows:   IBM, GE Healthcare, and Infor.

**5. Please identify Selectica's top three customers by gross revenue for Fiscal Year 2014.**

**ANSWER:**

Objection.   Plaintiff is unclear what type of "customers" Defendant's request is referring to.   Notwithstanding this objection, and to the extent Defendant's request is seeking Plaintiff's top three "CPQC customers," Plaintiff states as follows:   IBM, GE Healthcare, and Cisco.

**6. Please identify by name and title any and all employees that left Selectica during calendar year, 2013 and commenced employment with Zycus, Apttus, Oracle, IBM, SciQuest or any other company you classify as a competitor.**

**ANSWER:**

Objection.   Plaintiff does not require its employees to specify their plans for future employment upon leaving Selectica.   Plaintiff lacks sufficient knowledge as to each and every former employee's current employment status, including the name and title of any and all employees that left Selectica during 2013 and commenced employment with Zycus, Apttus, Oracle, IBM, SciQuest, or any other company.   Plaintiff also objects to the use of this request as a discovery device and Defendant should be required to subpoena Zycus, Apttus, Oracle, IBM,

and/or SciQuest for a corporate representative deposition if it seeks this information.  Plaintiff also objects on the basis that this request seeks irrelevant information and information that could not lead to the discovery of admissible evidence.

Notwithstanding the foregoing objection, and upon information and belief, Plaintiff states as follows:

1.  Alex Gammelgard – Director of Product Marketing at Apttus

2.  Kamal Ahluwalia – Chief Marketing Officer at Apptus

3.  Amy Wooldridge Keiser – Strategic Customer Success Manager

4.  Gary Sanders – Senior Solutions Architect at Apttus

Plaintiff also directs Defendant to the transcript of the deposition testimony of Michael Mothersbaugh for further responses to this interrogatory.

7.  **Please identify by name and title all of the "other Selectica employees" that Novatus contacted, as alleged in Paragraph 20 of the Complaint.**

**ANSWER:**

Objection.  Plaintiff does not have sufficient knowledge as to each and every employee that Novatus may have improperly contacted.

Notwithstanding the foregoing objection, without waiving that objection, and in addition to the individuals set forth in the Complaint, Novatus also contacted Nicoal Berryman and Alex Gammelgard.

{10467/00377791.1}

8. **With respect to all the people identified in your response to interrogatory 7, above, please list where all of those people are currently employed.**

**ANSWER:**

Objection. Plaintiff does not require its employees to specify their plans for future employment upon leaving Selectica. Plaintiff lacks sufficient knowledge as to each and every former employee's current employment status. Plaintiff also objects to the use of this request as a discovery device and Defendant should be required to subpoena those individuals if it seeks this information.

Notwithstanding, paragraph 20 of Plaintiff's complaint reads in pertinent part:

> Among other Selectica Employees, Novatus contacted Marilyn Salyer, Vicki Sorensen, Ian Connerty, and Graham Holt.

Plaintiff therefore responds as follows:

- Marilyn Salyer is currently employed with Novatus.
- Vicki Sorensen was employed with Novatus through mid-2014, but left Novatus subsequent to her receiving a written reprimand.
- Ian Connerty is currently employed by Novatus.
- Graham Holt is currently employed by Novatus.
- Plaintiff is unaware where Ms. Berryman is employed.
- Upon information and belief, Plaintiff states that Alex Gammelgard is employed by Apttus.

9. **Please list each and every customer Selectica contends it has lost and/or no longer does business with Selectica as a result of Novatus's alleged conduct at issue in this litigation, and attribute to each customer the gross revenue and net profit that Selectica derived therefrom for the fiscal year immediately preceding the loss of the customer.**

**ANSWER:**

Objection.  This request is repetitive, cumulative, harassing, and all such customers have been disclosed throughout discovery, including in multiple depositions.   With respect to Plaintiff's damages, such information is contained in Plaintiff's expert damage report already served on Defendant on August 8, 2014.

10. **Please list each and every prospective customer Selectica contends it has lost and/or has refused to do business with Selectica as a result of Novatus's alleged conduct at issue in this litigation, and attribute to each customer the projected yearly gross revenue and projected yearly net profit that Selectica would have derived therefrom.**

**ANSWER:**

Objection.  This request is repetitive, cumulative, harassing, and all such prospective customers have been disclosed throughout discovery, including in multiple depositions.  With respect to Plaintiff's damages, such information is contained in Plaintiff's expert damage report, already served on Defendant on August 8, 2014.  Furthermore, this information is within Novatus' knowledge, possession, custody, and control, as Novatus was the party who directly interfered with Selectica's relationships with Selectica's prospective customers, including those who Novatus offered "special Seletica pricing" to.

Dated: November 7, 2014

s/ Andrew C. Hall
Andrew C. Hall, Esq.
Brandon R. Levitt, Esq.
Jonathan R. Woodard, Esq.
HALL, LAMB AND HALL P.A.
2665 South Bayshore Drive, PH1
Miami, Florida 33133
Tel.: (305) 374-5030
Fax: (305) 374-5033

*Attorneys for Plaintiff*

{10467/00377791.1}

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing was served via email upon:

David Wood (david.wood@akerman.com) and E. Ginnette Childs (ginny.childs@akerman.com),

Akerman LLP, 420 South Orange Avenue, Suite 1200, Orlando, Florida 32801, on this 7th day

of November 2014.


<u>s/ Brandon R. Levitt</u>
Brandon R. Levitt