# Composite Exhibit B

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No. 6:13-cv-1708-ORL-40TBS

SELECTICA INC.,
a California corporation,

      Plaintiff,

vs.

NOVATUS, INC.,
a Florida corporation,

      Defendant.

_____/

## DEFENDANT'S THIRD REQUEST FOR
## PRODUCTION OF DOCUMENTS TO PLAINTIFF

      Defendant, NOVATUS, INC. ("Novatus"), by and through its undersigned counsel, pursuant to Rule 34, Federal Rules of Civil Procedure, requests the Plaintiff, SELECTICA INC. ("Selectica") to produce at the offices of Akerman LLP, 420 South Orange Avenue, Suite 1200, Orlando, Florida 32801, within 30 days, the following items:

### DEFINITIONS AND INSTRUCTIONS

1.    The terms "document" and "documents" include, but are not limited to, all paper material of any kind, whether written, typed, printed, punched, filmed, or marked in any way; recording tape or wires, film, photographs, movies, or any graphic matter, however produced or reproduced; all mechanical or electronic sound recordings or transcripts thereof; all information stored or located in computer hardware or software; and all drafts and non-identical copies thereof.   "Documents" include, but are not limited to, correspondence, memoranda, handwritten notes, messages, telegrams, diaries, calendars,

minutes, books, reports, charts, graphs, ledgers, invoices, work sheets, work papers, receipts, tax returns, computer printouts, prospectuses, financial statements, schedules, affidavits, written statements, contracts, canceled checks, transcripts, statistics, surveys, magazine or newspaper articles, photographs, microfiche, microfilm, and specifically including any information stored at any time in any electronic media, including active, inactive, and archived files which are or can be made available for retrieval from any electronic storage media including hard disks, optical disks, tape storage and the like. For any document related to the matters described herein which is not in your possession, but which you know to exist, you are requested to identify any such document and indicate to the best of your ability that document's present or last known location and custodian.

2.  The term "ESI" refers to Electronically Stored Information, which includes, but is not limited to, the following: word-processing documents, spreadsheets, presentation documents, graphics, animations, images, tweets, e-mail (including attachments which shall be kept with the e-mail), instant messages, text messages, voice mail, social media profiles, social media posts, social media inquiries, social media user and login information, audio, video, and audiovisual recordings, databases and database subsets, and other user or machine created digital information which is stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, USB drives, the Internet, an Intranet, archives, discs, CD's, diskettes, drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, blackberries, pagers, and voicemail systems.

3.   If any requests for documents are deemed to call for the production of privileged or work product materials and such privilege or work product is asserted, identify in writing each document so withheld and provide the following information:

   (a)   the reason for withholding the document;

   (b)   a statement of the basis for the claim of privilege, work product or other ground of nondisclosure;

   (c)   a brief description of the document including:

      i.   the date of the document;

      ii.   the number of pages, attachments, and appendices;

      iii.   the names of the author, authors or preparers and an identification by employment and title of each such person;

      iv.   the name of each person who was sent, shown, or blind copied or carbon copied on the document, who sent the document, who had access to, or custody of, the document, together with an identification of each such person;

      v.   the present custodian;

      vi.   the subject matter of the document, and in case of any document relating to or referring to a meeting or conversation, identification of such meeting or conversation.

4.   If the producing party cannot produce any document or part of a document specified below because such document or part of a document has been lost, destroyed, or transferred to the possession, custody, or control of a person who is not subject to the

{29503101;1}

3

control of the producing party, said party shall furnish a list setting forth for each such document or part of a document the information specified as follows:

(a)     The type of document;

(b)     Its date;

(c)     Its author(s);

(d)     Each addressee;

(e)     Its present location;

(f)     Its present custodian;

(g)     The number of pages of the document;

(h)     A description of the document or a description of the contents of the documents (subject to appropriate privilege);

(i)     The name and address of each person who was provided with a copy of the document; and

(j)     The reason the producing party cannot produce the document or part of the document (e.g., because it was lost, destroyed or transferred to the custody or control of another, including the identity and address of this other person).

5.     The terms "relating to," "relate to," "reflecting" and/or "regarding" shall be construed in their broadest sense and shall mean directly or indirectly describing, setting forth, discussing, mentioning, commenting upon, supporting, contradicting, or referring to the subject or topic in question, either in whole or in part.

6.     The singular shall include the plural, and vice versa; the use of the word "any" shall include and encompass the word "all," and vice versa; the use of the disjunctive shall include the conjunctive, and vice versa.

7. "Person" includes individuals, corporations, partnerships, governmental bodies, or other entities.

8. The term "Selectica" shall refer to Plaintiff, Selectica, Inc., and any person at any time acting or purporting to act on its behalf, including its present or former attorneys, accountants, agents, officers, or employees.

9. The term "Novatus" shall mean Defendant, Novatus, Inc., and any person at any time acting or purporting to act on its behalf, including its present or former attorneys, accountants, agents, officers, or employees (including "Selectica's former employees", as that term is defined below).

10. The terms "you," "your," and "yours" shall refer to Selectica as defined herein.

11. The term "Complaint" shall refer to the Complaint filed by Selectica against Novatus in this case.

12. The terms "CLM" and "CPQ" shall have the meanings ascribed to them in Plaintiff's Complaint.

13. The term "Selectica computer" or "Selectica computers" shall mean any and all Selectica-owned laptop computers, hard drives, desktop computers, thumb drives or any other portable media storage device used by, or for which access was given to, Selectica's former employees at any time during their term of employment with Selectica.

14. The term "litigation" shall refer to the above captioned civil action.

15. The term "Case Management Report" shall refer to the Case Management Report prepared and agreed to by Selectica and Novatus and filed with the Court on or about January 6, 2014.

16.   The term "former employees" shall refer to Marilyn Salyer, Graham Holt, Vicki Sorensen, and Ian Connerty.

17.   For all ESI, please produce same in accordance with Section III of the Case Management Report, with all accompanying metadata.

18.   The term "Confidentiality Agreement" shall mean the Joint Confidentiality Agreement agreed to and executed by Selectica and Novatus on or about May 19, 2014, including all addendums thereto.

19.   For any documents you deem as Attorneys' Eyes Only ("AEO") or Confidential ("Confidential"), as those terms are defined in the Confidentiality Agreement, please clearly designate same on the face of the document or, as documents are produced in native form, indicate same in the Bates label next to the number of the document.

20.   The term "Sales Representative" means those persons employed at Selectica who are tasked with demonstrating and selling Selectica's CLM and CPQ products, including the Selectica's sales director, executive vice president of worldwide sales, and all account executives and sales engineers.

21.   The term "Selectica's Analysis and Report of Damages" shall mean that document prepared by Lake Street Capital Markets on August 8, 2014.

22.   Based on the statements and findings contained in, the documents considered, and the conclusions reached in Selectica's Analysis and Report of Damages, the timeframe for these requests is from January 1, 2011 through the present.

23.   The term "Marriott" shall have the same meanings ascribed to it in Plaintiff's Complaint and/or at the deposition of Selectica's Corporate Representative on August 28, 2014.

24. The terms "UMP" or "University of Minnesota Physicians" shall have the same meanings ascribed to them in Plaintiff's Complaint and/or at the deposition of Selectica's Corporate Representative on August 28, 2014.

25. The term "RFA" shall mean the Defendant's First Set of Requests for Admission to Plaintiff, served contemporaneously herewith on October 8, 2014.

26. The term "Trade Secret" or "Trade Secrets" shall have the same meaning as that contained in Section 688.002(4), Florida Statutes (2013).

## REQUESTS

1. If your response to paragraph 6 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, regarding, defining, relating to, detailing, evidencing or describing "an arrangement whereby all four former employees, representing 50% of Selectica's direct sales persons, would resign from Selectica and join Novatus, taking with them Selectica's confidential and proprietary Trade Secrets," as stated in paragraph 21 of the Complaint.

2. If your response to paragraph 8 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, defining, evidencing, or describing Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.

3. If your response to paragraph 9 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing Novatus's acquisition of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.

4.     If your response to paragraph 10 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing Novatus's use of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.

5.     If your response to paragraph 11 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing Novatus's disclosure of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.

6.     If your response to paragraph 12 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI, including logs, documents or files that demonstrate access or copying of electronic information, from Selectica's computers and/or Selectica's network or systems reflecting, evidencing or showing Vicki's Sorensen's accessing or copying of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.[1]

7.     If your response to paragraph 13 of the RFA is anything other than an unqualified "Admit" or "AdmittAed", please produce all documents and ESI, including logs, documents or files that demonstrate access or copying of electronic information, from Selectica's computers and/or Selectica's network or systems reflecting, evidencing or showing Marilyn Salyer's accessing or copying of Selectica's Trade Secrets specifically identifying each such document produced by its Bates Label.[2]

---

[1] Please note that this request specifically requests evidence from Selectica's computers of Ms. Sorensen's activities on those computers, network or systems.
[2] Please note that this request specifically requests evidence from Selectica's computers of Ms. Salyer's activities on those computers, network or systems.

8.     If your response to paragraph 14 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI, including logs, documents or files that demonstrate access or copying of electronic information, from Selectica's computers and/or Selectica's network or systems reflecting, evidencing or showing Graham Holt's accessing or copying of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.[3]

9.     If your response to paragraph 15 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI, including logs, documents or files that demonstrate access or copying of electronic information, from Selectica's computers and/or Selectica's network or systems reflecting, evidencing or showing Ian Connerty's accessing or copying of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.[4]

10.    If your response to paragraph 19 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce the stolen confidential and proprietary software via USB device or other storage device.

11.    If your response to paragraph 20 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing the source code for Selectica's confidential and proprietary software, specifically identifying each such document produced by its Bates Label.

---

[3] Please note that this request specifically requests evidence from Selectica's computers of Mr. Holt's activities on those computers.
[4] Please note that this request specifically requests evidence from Selectica's computers of Mr. Connerty's activities on those computers.

12.     If your response to paragraph 21 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce the stolen confidential and proprietary software via USB device or other storage device.

13.     If your response to paragraph 22 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing the source code for Selectica's confidential and proprietary software, specifically identifying each such document produced by its Bates Label.

14.     If your response to paragraph 23 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce the stolen confidential and proprietary software via USB device or other storage device.

15.     If your response to paragraph 24 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing the source code for Selectica's confidential and proprietary software, specifically identifying each such document produced by its Bates Label.

16.     If your response to paragraph 25 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce the stolen confidential and proprietary software via USB device or other storage device.

17.     If your response to paragraph 26 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing the source code for Selectica's confidential and proprietary software, specifically identifying each such document produced by its Bates Label.

DATED this 8th day of October, 2014

Respectfully submitted,

By: _David S. Wood_

David S. Wood, Esq.
Florida Bar Number: 289515
david.wood@akerman.com
E. Ginnette Childs, Esq.
Florida Bar Number: 0298130
ginny.childs@akerman.com
AKERMAN LLP
Post Office Box 231
420 South Orange Avenue
Suite 1200
Orlando, FL 32802-0231
*Counsel for Defendant, Novatus Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of October, 2014, a true and correct copy of **Defendant's Third Request to Produce** was served *via hand delivery* and *facsimile transmission (305-374-5033)* on Brandon R. Levitt, Esq., and Andrew C. Hall, Esq., Hall, Lamb and Hall, P.A., 2665 South Bayshore Drive, PH1, Miami, Florida 33131 (305) 374-5030, Counsel for Plaintiff, Selectica, Inc.

David S. Wood, Esq.

## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA

SELECTICA INC.,
a California corporation,

        Plaintiff,                      Case No. 6:13-cv-1708-CEH-GJK

vs.

NOVATUS, INC.,
a Florida corporation,

        Defendant.

_____/

### PLAINTIFF'S RESPONSES AND OBJECTIONS TO
### DEFENDANT'S THIRD REQUEST FOR PRODUCTION

Plaintiff, Selectica Inc., ("Selectica" or "Plaintiff") by and through its undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby files its Responses and Objections to Defendant's, Novatus, Inc. ("Novatus" or "Defendant"), Third Request for Production ("Request"), and states:

### GENERAL OBJECTIONS

A.      Selectica objects to the Request to the extent that they seek the disclosure of (i) information relating to communications between Selectica and legal counsel; (ii) information to which the attorney-client privilege otherwise protects; (iii) information which was prepared for and in anticipation of litigation or otherwise contains or relates to work product; (iv) information that is highly sensitive, confidential and/or proprietary in nature; (v) information that was previously produced to the Defendant; (vi) information which is in Selectica's possession because it was produced by Defendant; (vii) information whose disclosure is prohibited by any federal, state, or local law; (viii) information and/or communication protected by the trade secret privilege; and (ix) information that is not reasonably calculated to lead to admissible evidence.

{10467/00376872.1}

B.      Selectica objects to the Request to the extent that they are vague, ambiguous, and not limited in time or scope.

C.      Selectica objects to the Request to the extent the information is not in Selectica's possession, custody, or control.

D.      Selectica objects to the Request to the extent the requested information seeks an attorney's mental impressions, opinions, or theories.

E.      Selectica objects to the Request to the extent they are overly broad, unduly burdensome, oppressive, and irrelevant to the subject matter of this action.

F.      Selectica objects to the Request to the extent they are not relevant to the claim or defense of any party.

G.      Plaintiff submits these responses without conceding the relevancy or materiality of the subject matter of any request, and without prejudice to the Plaintiff's right to object to further discovery, or to object to the admissibility of any additional proof on the subject matter of any response, at the time of trial.

H.      Plaintiff generally objects to the Requests insofar as they seek confidential, sensitive business, proprietary, and/or trade secret information.  Plaintiff will produce certain confidential documents only pursuant to a Stipulated Protective Order.   A proposed confidentiality order has previously been submitted to Defendant for its consideration.

I.      Plaintiff objects to the instructions and definitions accompanying the Requests to the extent the instructions and definitions require disclosure of information or documents not within the scope of the Federal Rules of Civil Procedure.

J.      Plaintiff objects to producing metadata that in any way differs from the ESI protocols the parties agreed to during their ESI conference and/or exceeds the metadata fields

agreed upon by the parties. Plaintiff does, however, agree to continue the ESI discussion to arrive at and refine mutually agreeable search and production parameters.

K.   Plaintiff objects to the use of the phrase "reflecting, regarding, defining, detailing, evidencing or describing" in the Requests as overbroad, unduly burdensome, and incomprehensible.

L.   Discovery is on-going and Plaintiff is responding based on information currently available to Plaintiff that Plaintiff has been able to ascertain through reasonable efforts. Plaintiff does not waive its right to amend or supplement these responses to the extent additional information is later obtained.

M.   Responsive, non-privileged documents will be produced as they are kept in the ordinary course of Selectica's business on a rolling basis beginning with responsive, non-privileged documents which are not confidential and therefore not subject to the confidentiality agreement being negotiated between the parties. Selectica will produce a privilege log following the production of all responsive documents.

N.   Selectica's responses to the Request are subject to the General Objections set forth above.

### Requests for Production

1. **If your response to paragraph 6 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, regarding, defining, relating to, detailing, evidencing or describing "an arrangement whereby all four former employees, representing 50% of Selectica's direct sales persons, would resign from Selectica and join Novatus, taking with them Selectica's confidential and proprietary Trade Secrets," as stated in paragraph 21 of the Complaint.**

RESPONSE:

Objection. The phrase "reflecting, regarding, defining, relating to, detailing, evidencing or describing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. With respect to every single request

for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, defining, evidencing or describing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here. Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff. The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Plaintiff cannot be compelled to produce the same documents twice.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

2. **If your response to paragraph 8 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, defining, evidencing, or describing Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.**

Objection. The phrase "reflecting, defining, evidencing or describing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, defining, evidencing or describing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here. Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff. The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already

produced these documents or they have otherwise been produced in discovery. Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege. To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

3. **If your response to paragraph 9 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing Novatus's acquisition of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection. The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here. Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff. The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege.  To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

4. **If your response to paragraph 10 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing, or showing Novatus's use of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection.  The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here.  Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff.  The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection.  Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery.  Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff

has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege.  To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

5. **If your response to paragraph 11 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing Novatus's disclosure of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection.  The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here.  Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff.  The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection.  Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery.  Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege.  To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

6. **If your response to paragraph 12 to the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI, including logs, documents or files that demonstrate access or copying of electronic information, from Selectica's computers and/or Selectica's network or systems reflecting, evidencing or showing Vicki Sorensen's accessing or copying of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection.  The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here.  Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff.  The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection.  Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery.  Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege.  To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

7.  **If your response to paragraph 13 to the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI, including logs, documents or files that demonstrate access or copying of electronic information, from Selectica's computers and/or Selectica's network or systems reflecting, evidencing or showing Marilyn Salyer's accessing or copying of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection.  The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here.  Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff.  The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection.  Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery.  Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

{10467/00376872.1}

Plaintiff objects based on the work product privilege.  To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

8. **If your response to paragraph 14 to the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI, including logs, documents or files that demonstrate access or copying of electronic information, from Selectica's computers and/or Selectica's network or systems reflecting, evidencing or showing Graham Holt's accessing or copying of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection.  The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here.  Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff.  The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection.  Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery.  Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege.  To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

9.  **If your response to paragraph 15 to the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI, including logs, documents or files that demonstrate access or copying of electronic information, from Selectica's computers and/or Selectica's network or systems reflecting, evidencing or showing Ian Connerty's accessing or copying of Selectica's Trade Secrets, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection.  The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here.  Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff.  The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection.  Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery.  Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege. To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

10. **If your response to paragraph 19 of the RFA is anything other than unqualified "Admit" or "Admitted", please produce the stolen confidential and proprietary software via USB device or other storage device.**

RESPONSE:

Objection. Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request pertaining to Selectica's confidential and proprietary information. Plaintiff has already produced these documents, and cannot be compelled to produce the same document twice.

Plaintiff objects on the grounds that the phrase "please produce the stolen confidential and proprietary software via USB device or other storage device" is vague, ambiguous, incomprehensible, and unclear. Plaintiff cannot ascertain whether Defendant means to produce the requested information by sending said information to Defendant's counsel on a USB device or other storage device. As paragraph 19 of the RFA does not mention any "USB device or other storage device," Plaintiff is unclear what Defendant is referring to.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Notwithstanding the foregoing objections, and as stated above, the information has already been produced. In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

11. **If your response to paragraph 20 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing the source code for Selectica's confidential and proprietary software, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection. The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible

evidence. With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here. Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff. The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege. To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

12. **If your response to paragraph 21 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce the stolen confidential and proprietary software via USB device or other storage device.**

RESPONSE:

Objection. Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that the phrase "please produce the stolen confidential and proprietary software via USB device or other storage device" is vague, ambiguous, incomprehensible, and unclear. Plaintiff cannot ascertain whether Defendant means to produce the requested information by sending said information to Defendant's counsel on a USB device or other storage device. Plaintiff is unclear what Defendant is referring to, and therefore cannot respond.

13. **If your response to paragraph 22 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing the source code for Selectica's confidential and proprietary software, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection. The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here. Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff. The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege.  To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

14. **If your response to paragraph 23 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce the stolen confidential and proprietary software via USB device or other storage device.**

RESPONSE:

Objection. Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection.  Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery.  Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that the phrase "please produce the stolen confidential and proprietary software via USB device or other storage device" is vague, ambiguous, incomprehensible, and unclear.  Plaintiff cannot ascertain whether Defendant means to produce the requested information by sending said information to Defendant's counsel on a USB device or other storage device.  Plaintiff is unclear what Defendant is referring to, and therefore cannot respond.

15. **If your response to paragraph 24 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce all documents and ESI reflecting, evidencing or showing the source code for Selectica's confidential and proprietary software, specifically identifying each such document produced by its Bates Label.**

RESPONSE:

Objection.  The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence.  With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here.  Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff.  The continued use

of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege. To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

16. **If your response to paragraph 25 of the RFA is anything other than an unqualified "Admit" or "Admitted", please produce the stolen confidential and proprietary software via USB device or other storage device.**

RESPONSE:

Objection. Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that the phrase "please produce the stolen confidential and proprietary software via USB device or other storage device" is vague, ambiguous,

incomprehensible, and unclear. Plaintiff cannot ascertain whether Defendant means to produce the requested information by sending said information to Defendant's counsel on a USB device or other storage device. Plaintiff is unclear what Defendant is referring to, and therefore cannot respond.

17. **If your response to paragraph 26 of the RFA is anything other than an unqualified "Admit" or Admitted", please produce all documents and ESI reflecting, evidencing or showing the source code for Selectica's confidential and proprietary software, specifically identifying each such document by its Bates Label.**

RESPONSE:

Objection. The phrase "reflecting, evidencing or showing" is overly broad, ambiguous, unintelligible, harassing, and not reasonably calculated to lead to the discovery of admissible evidence. With respect to every single request for documents containing this phrase, Plaintiff submits that any search of its records for documents "reflecting, evidencing or showing" any subject is simply impossible on its face and Plaintiff cannot reasonably respond to such a request. Plaintiff objected to the use of this phrase in Defendant's first request for production, second request for production, and Plaintiff again objects here. Read literally, the request as phrased requires the production of every document in the possession of the Plaintiff. The continued use of this phrase requires Plaintiff to use its own judgment to determine what the actual scope of documents is that Defendant is requesting and then determine whether that scope of documents is objectionable.

Plaintiff did not provide a substantive response to the request for admission referenced in this request and instead provided only an objection. Plaintiff therefore objects to this request and cannot respond to this request as phrased.

Plaintiff objects on the grounds that this request is unduly burdensome and harassing. Plaintiff has produced tens of thousands of documents to Defendant, including documents designated Attorneys' Eyes Only that are responsive to this request. Plaintiff has already produced these documents or they have otherwise been produced in discovery. Plaintiff cannot be compelled to produce the same documents twice.

Plaintiff objects on the grounds that to the extent Defendant is requesting Plaintiff to identify each document by bates label, such request is improperly guised as an interrogatory. Furthermore, requesting that Plaintiff sift through tens of thousands of documents that Plaintiff has already produced and identify by bates label each document is harassing and unduly burdensome.

Plaintiff objects based on the work product privilege. To the extent Defendant requests that Plaintiff identify specific documents by bates label, Plaintiff's mental impressions, opinions, and legal theories concerning the litigation are absolutely immune from discovery.

In addition to the tens of thousands of documents already produced, Plaintiff also directs Defendant to the transcripts of the depositions taken in this case and the exhibits introduced in those depositions.

Dated: November 7, 2014

s/ Andrew C. Hall
Andrew C. Hall, Esq.
Brandon R. Levitt, Esq.
Jonathan R. Woodard, Esq.
HALL, LAMB AND HALL P.A.
2665 South Bayshore Drive, PH1
Miami, Florida 33133
Tel.: (305) 374-5030
Fax: (305) 374-5033

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via email upon:

David Wood (david.wood@akerman.com) and E. Ginnette Childs (ginny.childs@akerman.com),

Akerman LLP, 420 South Orange Avenue, Suite 1200, Orlando, Florida 32801, on this 7th day

of November 2014.

s/ Brandon R. Levitt
Brandon R. Levitt