Exhibit C

## JOINT CONFIDENTIALITY AGREEMENT

This Joint Confidentiality Agreement ("Agreement") by and between SELECTICA INC., a California corporation ("Selectica"), and NOVATUS, INC., a Florida corporation ("Novatus") (each a "Party" and collectively, the "Parties"), is effective as of _May 19_, 2014, and governs any and all "Confidential Information" or "Attorney's Eyes Only Information" (as those terms are defined herein) that may be exchanged between the Parties in connection with the legal action entitled Selectica Inc. v. Novatus, Inc., now pending in the United States District Court for the Middle District of Florida, Case No. 13-cv-1708 before the Honorable Charlene Edwards Honeywell, United States District Judge (the "Legal Action").

The Parties recognize that each possesses certain confidential, proprietary, and/or sensitive business information, including intellectual property rights. In order to expedite the flow of discovery material and facilitate prompt resolution of disputes over privacy or confidentiality concerns, the Parties hereby enter into this Agreement, which ensures that any exchange and/or disclosure of any Confidential Information or Attorney's Eyes Only Information receives the applicable privacy and non-disclosure protection.

1. Definitions. The following definitions shall apply to this Agreement:

    a. "Document" shall mean any original or copy of any document, record, or other material or thing as described in Fed. R. Civ. P. 34, or information, including electronically stored information, produced by way of disclosure or in any response to any discovery request served by either party to this Legal Action, or any deposition transcript or portion of a deposition transcript or any document marked for identification at any deposition, or any exhibit or affidavit submitted in connection with this Legal Action, or used at trial in this matter.

    b. "Confidential Information" shall mean any information that the Disclosing Party believes in good faith contains non-public, sensitive or confidential information which that party believes should not be disclosed publicly. Confidential Information shall be identified by the Disclosing Party (definition set forth below) by including prominently in not less than 14 point font on each page the legend "CONFIDENTIAL" in either the header or footer. The designation of any Document as Confidential Information shall constitute a certification by the attorney reviewing the Document and making such designation that he or she in good faith believes the Document is confidential.

    c. "Attorneys' Eyes Only Information" shall mean any information that the Disclosing Party believes in good faith cannot be disclosed without threat of competitive injury, because such Attorneys' Eyes Only Information is believed to be proprietary, highly commercially sensitive, or trade secret information. Attorneys' Eyes Only Information may include, but is not limited to, technical or

scientific information, pending patent applications, source code, financial information, business information, marketing information, strategic information, product development information, customer lists or information, supplier lists or information, design specifications, scientific processes or formulas, and trademarks. Such Attorneys' Eyes Only Information shall be so identified by the Disclosing Party by including prominently in not less than 14 point font on each page the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in either the header or footer. The designation of any Document as Attorneys' Eyes Only Information shall constitute a certification by the attorney reviewing the Document and making such designation that he or she in good faith believes the Document deserves this heightened level of protection.

    d. "Disclosing Party" shall refer to the party that designates the Document to be Confidential Information or Attorneys' Eyes Only Information, and that discloses or has disclosed the Confidential Information or Attorneys' Eyes Only Information to the Receiving Party (defined below). A third party to this Legal Action may be a Disclosing Party.

    e. "Receiving Party" shall refer to the Party that receives or has received the Confidential Information or Attorneys' Eyes Only Information from the Disclosing Party.

2. Designation as Confidential or Attorneys' Eyes Only Information

    a. A Party to this Legal Action may designate any Document as Confidential Information or Attorneys' Eyes Only Information in the course of this proceeding. Confidential Information or Attorneys' Eyes Only Information may be provided in response to any discovery request, during deposition, as part of any filing or proceeding with the Court, or as part of any trial or hearing in this matter.

    b. Third parties producing Documents in this Legal Action may also designate Documents as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to the same protections and constraints as the Parties. A copy of this Joint Confidentiality Agreement shall be served along with any subpoena served in connection with this action.

    c. Confidential Information or Attorneys' Eyes Only Information shall be used solely for preparation and trial of this litigation, including appeals, and for no other purpose whatsoever, and shall not be disclosed to any other person except in accordance with the terms set forth herein.

    d. The Disclosing Party shall designate Confidential Information or Attorneys' Eyes Only Information by conspicuously marking any Documents containing such information with the words "CONFIDENTIAL" or "CONFIDENTIAL–ATTORNEYS' EYES ONLY." Any tangible items that contain Confidential Information or Attorneys' Eyes Only Information shall be marked with a tag, label, or a cover sheet, if it is not possible to mark the items directly. Any Confidential Information or Attorneys' Eyes Only Information that is disclosed orally shall be orally designated at the time of disclosure and by promptly thereafter confirming in writing the disclosure as being Confidential Information or Attorneys' Eyes Only Information, and specifying the information designated Confidential Information or Attorneys' Eyes Only Information.

    e. Failure to designate any Information as Confidential or Attorneys' Eyes Only shall not be deemed a waiver of the Disclosing Party's claim of confidentiality or other applicable privilege as to such Information or as to the subject matter of such information, and the Disclosing Party may thereafter designate such information as Confidential or Attorneys' Eyes Only, as is appropriate.

    f. Deposition testimony and the transcript and video recordings of depositions and/or the exhibits thereto, conducted during pretrial discovery, shall be treated as Attorneys' Eyes Only Information for a period of 20 days, or for as many days as the parties shall agree, after receipt of such deposition transcripts and/or video recordings to allow time for the deponent or counsel for that deponent, or any party or non-party or its counsel, to notify all parties of any Attorneys' Eyes Only Information or Confidential Information. Such Attorneys' Eyes Only or Confidential Information shall be designated by page and line number, and video cassettes (or other storage media) shall be labeled in accordance with the provisions of this Joint Confidentiality Agreement. Such Confidential or Attorneys' Eyes Only Information may also be designated at the deposition by making a statement for inclusion in the deposition transcripts.

3. <u>Access to and Use of Confidential Information</u>. Any disclosure reflecting or embodying such Confidential Information shall be restricted to:

    a. attorneys of the Parties' respective law firms who are actually assisting in the prosecution or defense of this Legal Action;

    b. employees of the Parties' respective law firms who are actually assisting in the prosecution or defense of this Legal Action;

    c. employees of the Receiving Party who have a need to know such information for purposes of this Legal Action, and who have previously read and agreed to be personally bound by this Agreement through execution of Exhibit A hereto;

    d. outside independent experts and consultants retained by the Parties or their attorneys who have a need for such information to assist in this Legal Action, provided that, prior to the receipt of any information, such expert or consultant reads and agrees to be personally bound by this Agreement through execution of Exhibit A hereto;

    e. the Court and related Court personnel;

    f. persons shown on the face of the Document to have authored or received it, or who were custodians of the Document; and

    g. any other person, upon the prior written consent of the Disclosing Party.

4. <u>Access to and Use of Attorneys' Eyes Only Information</u>. Copies of Attorneys' Eyes Only Information produced to the Receiving Party shall be maintained at the offices of counsel for the Receiving Party. Access to Attorneys' Eyes Only Information, and any disclosure reflecting or embodying such Attorneys' Eyes Only Information shall be restricted to the persons and entities identified in paragraph 3(a), (b), (d), (e), and (f) above.

5. <u>Purpose of Disclosure</u>. The disclosure of Confidential Information or Attorneys' Eyes Only Information is made solely for the use in this Legal Action. No person or entity subject to this Agreement shall use such Confidential Information or Attorneys' Eyes Only Information for any other purpose, nor shall they copy, reproduce, or disclose any Confidential or Attorneys' Eyes Only Information to any other person or entity. The restrictions set forth in this Agreement shall survive this Legal Action, and the Court shall retain jurisdiction of this action after its conclusion for the purposes of enforcing the terms of this Agreement.

6. <u>Inadvertent Production of Undesignated Confidential Information or Attorneys' Eyes Only Information, or of Documents Subject to Claims of Privilege, Work Product, or Other Protection</u>.

    a. The inadvertent failure to designate a Document as Confidential Information or Attorneys' Eyes Only Information prior to or at the time of disclosure shall not operate as a waiver of the Disclosing Party's right to designate such a Document as Confidential Information or Attorneys' Eyes Only Information at a later time. In the event that the Disclosing Party discovers during the course of this case that it inadvertently disclosed Confidential Information or Attorneys' Eyes Only Information without properly designating it as such, that party must notify the Receiving Party immediately, identify the particular Document inadvertently disclosed, and request that the Receiving Party treat

{10467/00354547.1}    4

such Document as Confidential Information or Attorneys' Eyes Only Information pursuant to the terms of this Agreement, and any persons who have had access to such Document shall be so instructed.

b. If a Disclosing Party inadvertently discloses a Document that is exempt from discovery based on claims of privilege, work product, or other protection from disclosure, the Disclosing Party shall promptly request in writing that the inadvertently produced Document be returned. The Receiving Party shall return the inadvertently produced Document and all copies within seven (7) days of the written request.

c. The parties agree that the inadvertent production of any Document, by itself, does not waive any claim of attorney/client privilege, work product, or other protection from disclosure which exists for any Document.

7. <u>Right to Challenge Designation</u>. Nothing contained herein shall prevent a Party from challenging the designation of a Document as Confidential Information or Attorneys' Eyes Only Information, or from seeking a Court order compelling the disclosure of such Document. Should the Receiving Party wish to make a disclosure of such Confidential Information or Attorneys' Eyes Only Information other than as provided for in this Agreement, it shall first negotiate in good faith with the Disclosing Party to resolve any dispute as to such disclosure. In the event the parties cannot agree, the Receiving Party may move the Court for appropriate relief. The party seeking to protect the information and/or document bears the burden, in any such motion, to establish the appropriateness of the protection sought. The provisions of this Agreement shall continue to apply until such time as the Court has issued an order permitting such disclosure and specifying the conditions for said disclosure.

8. <u>Pre-Trial Filing Under Seal</u>. All Confidential or Attorneys' Eyes Only Information filed with the Court shall be filed under seal pursuant to the following procedures:

a. Where possible, only Confidential or Attorneys' Eyes Only portions of filings with the Court shall be filed under seal. Documents or other materials filed under seal shall be placed in sealed envelopes, on which shall be the title to the applicable section(s), the words "FILED UNDER SEAL," and a statement substantially in the following form:

> "This envelope is sealed pursuant to order of the Court and contains Confidential Information [and/or Attorneys' Eyes Only Information] filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed by order of the Court."

The envelope shall not be opened without further order of the Court. Any envelope containing documents or other materials filed under seal that is an exhibit to a pleading shall also bear the name of the pleading. Where documents or other materials filed under seal are transmitted between the parties by facsimile, the above message shall be placed on the facsimile cover sheet or on a sheet directly following the facsimile cover sheet. A full and unredacted copy of any such submissions may be provided directly to chambers, marked "Chambers Copy" and "Contains Confidential or Attorneys' Eyes Only Information Subject to Protective Order."

b. If any party objects to identified portions of the documents or other materials remaining under seal, it shall, within 10 business days of filing of the documents or other materials, state its objections in a faxed letter to counsel for all parties in the Action. The interested parties shall promptly meet and confer to attempt to resolve those objections and, if they cannot be resolved, shall promptly tender those objections to the Court for resolution.

c. Confidential or Attorneys' Eyes Only Information filed with an appellate court shall be filed in conformance with that court's rules for filing documents under seal.

9. <u>Use at Trial</u>. This Agreement is limited to the pre-trial use of Confidential or Attorneys' Eyes Only Information. Nothing in this Agreement limits or interferes with the use of Confidential or Attorneys' Eyes Only Information at trial. Either party may seek to introduce Confidential or Attorneys' Eyes Only Information as evidence at trial. The party whose Confidential or Attorneys' Eyes Only Information is sought to be introduced at trial has the burden to request from the Court any protections it may seek regarding its disclosure but shall not affect the admissibility of such evidence.

10. <u>Use by Disclosing Party</u>. Nothing in this Agreement shall prevent the Disclosing Party from using or disclosing its own Confidential Information or Attorneys' Eyes Only Information for any purpose. Nothing in this Agreement shall prevent any counsel of record from utilizing Confidential Information or Attorneys' Eyes Only Information in the examination or cross-examination of any person who is indicated on the document as being an author, custodian, or prior recipient of the Confidential Information or Attorneys' Eyes Only Information, regardless of which party produced such information.

11. <u>Public Disclosure</u>. Notwithstanding any other provision in this Agreement, nothing herein shall prevent disclosure of any Document: (a) if the Receiving Party receives consent to disclose such Document from either the Disclosing Party or the customer or client of the

Originating Party; (b) that is in the public domain at the time of disclosure, was previously in the public domain, or becomes part of the public domain through no fault of the Disclosing Party or Receiving Party; or (c) if the Receiving Party lawfully receives such Document at a later date from a third party without restriction as to disclosure, provided such third party has the right to make the disclosure to the Receiving Party.

12. <u>Return of Documents</u>. At the conclusion of this Legal Action, all Confidential Information or Attorneys' Eyes Only Information, including all copies, excerpts, and summaries, shall be returned to the Disclosing Party or destroyed. If such Confidential Information or Attorneys' Eyes Only Information is destroyed, the attorneys responsible for such destruction shall provide the Disclosing Party with a written statement certifying that such information has been destroyed. The return or destruction of the Confidential Information or Attorneys' Eyes Only Information shall be completed within thirty (30) days of the termination of this Legal Action, including any appeals. Notwithstanding the foregoing, counsel for the Receiving Party may retain one copy of the Confidential Information or Attorneys' Eyes Only Information in its files for archival purposes only.

13. <u>Non-Party Production</u>. In the event the Receiving Party receives a subpoena or other process or order to produce such information, the Receiving Party shall promptly notify in writing counsel for the Disclosing Party and shall furnish counsel for the Disclosing Party with a copy of said subpoena or other process or order. The non-party shall also provide reasonable cooperation with respect to any procedure to protect such information or matter as may be sought by the Disclosing Party.

14. <u>No waiver</u>. Neither the taking of, nor the failure to take, any action to enforce the provisions of this Agreement, nor the failure to object to any designation, or any such action or omission, shall constitute a waiver of any right to seek and obtain protection or relief of any claim or defense in this action, or any other action including, but not limited to, the claim or defense that any information is or is not entitled to particular protection.

15. Entering into, agreeing to, and/or producing or receiving Confidential or Attorneys' Eyes Only Information pursuant to, or otherwise complying with the terms of, this Joint Confidentiality Agreement <u>shall not</u>:

    a.    operate as an admission by any party that any particular Confidential or Attorneys' Eyes Only Information contains or reflects trade secrets or any other type of confidential information;

    b.    prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein

{10467/00354547.1}    7

constitute adequate protection for any particular information deemed by any party to be Confidential or Attorneys' Eyes Only Information;

c. prejudice in any way the rights of any party to object to the relevancy, authenticity, or admissibility into evidence of any document, testimony, or other evidence subject to this Joint Confidentiality Agreement;

d. prejudice in any way the rights of any party to seek a determination by the Court whether any Information, whether Confidential or Attorneys' Eyes Only or not, should be subject to the terms of this Joint Confidentiality Agreement;

e. prejudice in any way the rights of any party to petition the Court for a protective order relating to any purportedly confidential information;

f. prejudice in any way the rights of any party to move the Court to broaden or restrict the right of access to and use of particular Information;

g. prevent the parties to this Joint Confidentiality Agreement from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Information; or

h. be construed as an agreement by any person or entity to produce or supply any document, or as a waiver by any person or entity of its right to object to the production of any document, or as a waiver of any claim of privilege with respect to the production of any document.

16. <u>Written Notice.</u> Written notice provided under this Agreement shall be by way of one of the following methods: email and/or certified mail.

This Agreement is being executed by counsel, who represent and warrant by their execution below, that they have conferred with their respective clients, and that they have full authority to enter this Agreement on not only their law firm's behalf, but also on behalf of their respective clients.

/s/ David S. Wood
DAVID S. WOOD, ESQ.
david.wood@akerman.com
AKERMAN LLP
Attorneys for Defendant
420 S. Orange Avenue, Suite 1200
Orlando, FL 32802-0231

/s/ Andrew C. Hall
ANDREW C. HALL, ESQ.
andyhall@hlhlawfirm.com
HALL, LAMB AND HALL, P.A.
Attorneys for Plaintiff
2665 South Bayshore Drive
Penthouse One

Telephone: (407) 423-4000  
Facsimile: (407) 843-6610

Miami, FL 33133  
Telephone: (305) 374-5030  
Facsimile: (305) 374-5033

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO.: 6:13-CV-1708-ORL-36TBS

SELECTICA, INC.,
a California corporation,

    Plaintiff,

vs

NOVATUS, INC., a
Florida corporation,

    Defendant.
_____/

## CERTIFICATION

I, _____, hereby certify that: (i) I have read the Joint Confidentiality Agreement governing Confidential and Attorneys' Eyes Only Information (the "Agreement") that has been entered by the parties to this litigation, and I understand its terms; (ii) I understand that the Confidential Information and/or Attorneys' Eyes Only Information is being provided to me pursuant to the terms of the Agreement; (iii) I agree to be fully bound by the provisions of the Agreement, including its provisions restricting disclosure of information designated as Confidential or Attorneys' Eyes Only under the Agreement and limiting the use of such information to the conduct of this Action; and (iv) I hereby submit to the jurisdiction of the United States District Court for the Middle District of Florida for purposes of enforcing the Agreement.

Dated: _____ Signature: _____

EXHIBIT "A"