UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SELECTICA, INC.,

    Plaintiff,

v.                              Case No:   6:13-cv-1708-Orl-40TBS

NOVATUS, INC.,

    Defendant.

## ORDER

The deadline for the parties to submit their Joint Final Pretrial Statement is July 15, 2015 (Doc. 161). Defendant, Novatus, Inc., has filed a motion to extend the deadline until at least two weeks after Plaintiff, Selectica, Inc., produces copies of all of its trial exhibits, in the order in which they appear on Plaintiff's third exhibit list (Doc. 162). Defendant also seeks an award of its attorney's fees and costs incurred due to Plaintiff's alleged failure to timely provide its final exhibit list and copies of its exhibits (Id.).

Plaintiff opposes the motion (Doc. 163). It argues that there is no reason to extend the current deadline, and that Defendant's purpose in filing the motion is to color the Court's impression of Plaintiff and its counsel in advance of the trial (Id.). Plaintiff also argues that the motion should be denied because Defendant did not comply with Local Rule 3.01(g) which requires that counsel confer before most motions are filed. The Court enforces Rule 3.01(g) and previously admonished Plaintiff's counsel for a violation of the rule (Doc. 29). In this instance, counsel conferred at least four times concerning the subject of the motion before it was filed. So, while it appears that Defendant's attorney did not comply with the rule by phoning her opponent a final time before the filing

the motion, the Court is satisfied that a good faith effort was made to resolve the issue first.   Therefore, the Court will not deny the motion on this ground.

The Case Management and Scheduling Order ("CMSO") governing the case requires lead trial counsel for the parties to meet in-person pursuant to Local Rule 3.06(b) in a good faith effort to, among other things:

> Tag, mark, identify, examine, copy, and list all original trial exhibits (including actual document exhibits) that any party will offer in evidence or otherwise tender to any witness during trial [Local Rule 3.06(b)(3) and 3.07(a)]; and prepare and exchange a final exhibit list on the Clerk's approved form bearing a description identifying each exhibit and sponsoring witness [Local rule 3.07(b)];

(Doc. 16 at 7-8).   Local Rule 3.06(b)(3) requires counsel to "examine all exhibits and Rule 5.04 exhibit substitutes or documents and other items of tangible evidence to be offered by any party at trial."   Id.

Counsel met in person on June 16, 2015 to prepare the parties' Joint Final Pretrial Statement (Doc 162 at 3).   Unfortunately, they agreed that they would not bring their trial exhibits to the meeting (Doc. 163, at 4-5).   This agreement prevented counsel from fulfilling the requirements of the CMSO and Local Rule 3.06(b)(3), and is the reason for the current controversy.   Only the parties and their attorneys know how much time and money this error has cost them.

Plaintiff produced its exhibit list at the June 16 meeting (Doc. 163, at 5). Defendant objected to the list because it was not on the clerk's approved form, did not contain descriptive notations sufficient to identify each separately numbered exhibit, did not identify the sponsoring witnesses for any of the exhibits, included improper composite exhibits, and listed numerous duplicate exhibits (Doc. 162 at 3).   Defendant's motion and Plaintiff's response describe in detail the communications between counsel, and the work

- 2 -

done by both sides since Defendant first objected to Plaintiff's exhibit list. The Court sees no point in repeating this history, some of which is disputed. The issue is whether the Court should grant Defendant an extension of time.

As stated above, the parties are currently required to file their Joint Final Pretrial Statement on or before July 15, 2015 (Doc. 16 at 8; Doc. 161). Objections to the parties' counter-designations are due by July 20, 2015; the final pretrial conference will occur on August 18, 2015; and the case is on the Court's trial term beginning September 1, 2015 (Doc. 147). Plaintiff does not allege, nor can it, that it will be prejudiced by the requested extension of time. Only the Court will be adversely impacted because it will have less time to review and consider the parties' Joint Final Pretrial Statement in advance of the final pretrial conference.

After due consideration, the Court finds that an extension can be granted while still allowing it sufficient time to complete its work before the pretrial conference. Accordingly, Defendant's motion is **GRANTED in part**. On or before July 15, 2015, the parties shall file their Joint Final Pretrial Statement that, with one exception, strictly conforms to the requirements of Local Rule 3.06(c) and the CMSO. The sole exception is that Defendant shall have through July 24, 2015, to file its objections to Plaintiff's exhibit list.

Defendant's prayer for attorney's fees and costs is **DENIED**. If counsel had brought their exhibits to the meeting on June 16, 2015, then all the exhibits would have been reviewed, numbered, and copied and this dispute would not have arisen. Both parties are at fault and no party is entitled to recover its attorney's fees or costs incurred in connection with the motion.

**DONE** and **ORDERED** in Orlando, Florida on July 10, 2015.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record